IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KARL JULIUS JAMES,

                                                     ORDER

                Petitioner,

                                                    08-cv-568-slc

     v.

MICHAEL THURMER,

                Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Because Judge Shabaz is on a medical leave of absence from the court for an indeterminate period, the court is assigning 50% of its caseload automatically to Magistrate Judge Stephen Crocker. It is this court's expectation that the parties in a case assigned to the magistrate judge will give deliberate thought to providing consent for the magistrate judge to preside over all aspects of their case, so as to insure that all cases filed in the Western District of Wisconsin receive the attention they deserve in a timely manner. At this early date, consents to the magistrate judge's jurisdiction have not yet been filed by all the parties to this action. Therefore, for the purpose of issuing this order only, I am assuming jurisdiction over the case.

Petitioner Karl Julius James, a prisoner at the Waupun Correctional Institution in

Waupun, Wisconsin, has filed a proposed complaint for injunctive relief. Because he has not paid the $350.00 filing fee, I conclude that he is requesting for leave to proceed in forma pauperis. The request will be denied, because petitioner does not qualify for in forma pauperis status under 28 U.S.C. § 1915(g).

Section 1915(g) reads as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

On at least three prior occasions, petitioner was denied leave to proceed in forma pauperis in lawsuits that were legally frivolous. See James v. Secretary, Wisconsin Department of Corrections, 96-C-139-C (W.D. Wis. March 6, 1996); James v. Tann, 96-C-148-S (W.D. Wis. Feb. 22, 1996); and James v. McCaughtry, 95-C-121-S (W.D. Wis. Feb. 23, 1995).

Moreover, petitioner's complaint does not allege facts from which an inference may be drawn that he is under imminent danger of serious physical injury. In his complaint, petitioner alleges that respondent Thurmer interfered with his legal mail and took his legal materials.

In order to meet the imminent danger requirement of 28 U.S.C. § 1915(g), a petitioner must allege a physical injury that is imminent or occurring at the time the

2

complaint is filed, and the threat or prison condition causing the physical injury must be real and proximate. Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003) (citing Lewis v. Sullivan, 279 F.3d 526, 529 (7th Cir. 2002) and Heimermann v. Litscher, 337 F.3d 781 (7th Cir. 2003)). Ordinarily, claims of physical injury arise in the context of lawsuits alleging Eighth Amendment violations. I can conceive of no factual scenario under which a petitioner would be subjected to physical injury by respondents' interfering with his legal mail or taking his legal materials. Accordingly, petitioner's complaint is not a complaint requiring application of the exception to § 1915(g).

Because petitioner is disqualified from proceeding in forma pauperis under § 1915(g), he may choose to pursue this case as a paying litigant. If so, he must submit a check or money order made payable to the clerk of court in the amount of $350 and he must do so no later than October 24, 2008. If he does this, however, petitioner should be aware that the court will be required to screen his complaint under 28 U.S.C. § 1915A, and dismiss his case if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.

If petitioner does not pay the $350 filing fee by October 24, 2008, I will conclude that he does not want to pursue this action. In that event, the clerk of court is directed to close this file. However, even if the file is closed, petitioner will still owe the $350 filing fee and he must pay it as soon as he has the means to do so. Newlin v. Helman, 123 F.3d 429,

3

436-437 (7th Cir. 1997). From petitioner's trust fund account statement, it is clear that he does not presently have the means to pay the fee from his prison account. Therefore, unless he is successful in obtaining the money from some other source, I will be required to advise the warden of the Waupun Correctional Institution of petitioner's obligation to pay the fee so that if and when funds do exist in petitioner's account, the fee can be collected and sent to the court in accordance with 28 U.S.C. § 1915(b)(2).

ORDER

IT IS ORDERED that petitioner's request for leave to proceed in forma pauperis is DENIED because petitioner is ineligible for in forma pauperis status under 28 U.S.C. § 1915(g).

Further, IT IS ORDERED that petitioner may have until October 24, 2008, in which to submit a check or money order made payable to the clerk of court in the amount of $350. If, by October 24, 2008, petitioner fails to pay the fee, the clerk of court is directed to close this file. However, even in that event, the clerk of court is to insure that petitioner's

obligation to pay the $350 fee for filing this case is reflected in this court's financial records.

Entered this 3rd day of October, 2008.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge