IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KARL JULIUS JAMES,

                                                                                       MEMORANDUM

                Petitioner,

                                                                                         08-cv-568-bbc

     v.

MICHAEL THURMER,

                Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Originally, this case was assigned to Magistrate Judge Stephen Crocker, with the reservation that he would not make dispositive rulings in the case unless the parties consented to his jurisdiction. On September 30, 2008, the magistrate judge issued an order asking petitioner to submit no later than October 21, 2008, a trust fund account statement for the six-month period immediately preceding the filing of the complaint in this action, so that a ruling could be made on his request for leave to proceed in forma pauperis. Before that date passed, however, on October 7, 2008, I discovered that petitioner was ineligible for pauper status because he has struck out under 28 U.S.C. § 1915(g). I determined as well that his complaint did not qualify for the imminent danger exception to § 1915(g) (petitioner's complaint is that respondent Thurmer interfered with his legal mail and took

1

his legal materials). Therefore, in an order dated October 7, 2008, I identified for petitioner the three legally meritless actions he had filed and told him that if he wished to pursue this case, he would have to do so as a paying litigant. I gave him until October 24, 2008, in which to make the $350 filing fee payment and advised him that if he failed to pay the filing fee, I would consider that he had withdrawn his action and close his case.

Before petitioner had even seen the October 7 order, he filed on October 8, 2008, a motion for an extension of time to respond to the magistrate judge's September 30 order, in which he argued that he wanted time to research in the prison law library the question whether the magistrate judge should have jurisdiction over his case. Two days later, on October 10, 2008, petitioner filed documents titled "Motion for Honorable Barbara B. Crabb to Disqualify Herself and Object to Jurisdiction," dkt. #5, "Motion to Object to Jurisdiction of the Honorable Barbara B. Crabb, United States District Judge, Stephen L. Crocker, United States District Judge, and Three Strikes," dkt. #6, an affidavit in support of the motion for disqualification, dkt. #9, and a "Motion for Writ Pursuant to 28 U.S.C. Section 1651(a) and 28 U.S.C. Section 2244(d)(1)(B)," dkt. #8, the latter of which is a document that is identical in every material way to petitioner's original complaint. On that same day, Magistrate Judge Crocker denied petitioner's motion for an enlargement of time to research the question of his jurisdiction, because this court's October 7, 2008 order mooted his order.

2

Next, petitioner filed on October 16, 2008, a second "Motion for Enlargement of Time Pursuant to 28 U.S.C. Section 636(b)(1) and Federal Civil Judicial Procedure and Rules, Rule 6(b)," dkt. #10, and a "Motion for the Honorable Stephen L. Crocker, U.S. Magistrate Judge to Disqualify Himself in the Above Matter Pursuant to 28 U.S.C. Section 455(b)," dkt. #11.  On October 22, 2008, petitioner wrote to ask for a status report on his motions.  Shortly thereafter, on October 27, 2008, the magistrate judge construed petitioner's motion for his disqualification as a decision not to consent to his jurisdiction and had the case reassigned to me. Dkt. #13.  Most recently, on October 30, 2008, petitioner filed yet another "Motion to Object to Jurisdiction of District Court Judges and Magistrate Judges in the United States District Court for the Western District of Wisconsin." Dkt. #14.

There is absolutely no point in ruling on petitioner's several pending motions for recusal and disqualification.  Because he has not paid the required filing fee, his case will be closed automatically in accordance with my October 3, 2008 order.  If the case were to be reopened upon petitioner's payment of the filing fee, I will take his motions for recusal and disqualification under advisement.  To the extent that petitioner makes a legally meritless argument in the motion docketed #6 that he does not have three strikes because he was denied leave to proceed in forma pauperis in the cases this court cited, he is free to make that argument directly to the court of appeals, assuming he prepays the $455 fee for filing an

3

...

appeal.

Entered this 3rd day of November, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge