IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KARL JULIUS JAMES,

                                                                                 ORDER

                     Petitioner,

                                                                             08-cv-568-bbc

      v.

MICHAEL THURMER,

                   Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Originally, this case was assigned to Magistrate Judge Stephen Crocker, with the reservation that he would not make dispositive rulings in the case unless the parties consented to his jurisdiction. On September 30, 2008, the magistrate judge issued an order asking petitioner to submit no later than October 21, 2008, a trust fund account statement for the six-month period immediately preceding the filing of the complaint in this action, so that a ruling could be made on his request for leave to proceed in forma pauperis. Before that date passed, however, on October 7, 2008, I discovered that petitioner was ineligible for pauper status because he has struck out under 28 U.S.C. § 1915(g). I determined as well that his complaint did not qualify for the imminent danger exception to § 1915(g) (petitioner's complaint is that respondent Thurmer interfered with his legal mail and took

1

his legal materials). Therefore, in an order dated October 7, 2008, I identified for petitioner the three legally meritless actions he had filed and told him that if he wished to pursue this case, he would have to do so as a paying litigant. I gave him until October 24, 2008, in which to make the $350 filing fee payment and advised him that if he failed to pay the filing fee, I would consider that he had withdrawn his action and close his case. On November 4, 2008, the case was closed because petitioner failed to pay the filing fee. That same day petitioner filed a notice of appeal.

Because petitioner has not paid the filing fee for an appeal, I understand him to be requesting leave to proceed in forma pauperis on appeal. Unfortunately for petitioner, as before, he is not eligible to proceed on appeal in forma pauperis because he has struck out under 28 U.S.C. § 1915(g) and the matter he wishes to appeal does not qualify for the imminent danger exception in 28 U.S.C. § 1915(g). Therefore, he cannot take advantage of the initial partial payment provision of § 1915. He owes the $455 fee for filing an appeal in full immediately. He may delay payment for two reasons only: 1) his complete destitution; or 2) if he challenges in the court of appeals within thirty days of the date he receives this order the decision to deny his request for leave to proceed in forma pauperis on appeal because of his § 1915(g) status. Fed. R. App. P. 24(a)(5). If the court of appeals decides that it was improper to deny petitioner's request for leave to proceed in forma pauperis because of his three-strike status, then the matter will be remanded to this court for

2

a determination whether petitioner's appeal is taken in good faith. If the court of appeals determines that this court was correct in concluding that § 1915(g) bars petitioner from taking his appeal in forma pauperis, the $455 filing fee payment will be due in full immediately. Whatever the scenario, petitioner is responsible for insuring that the required sum is remitted to the court at the appropriate time. Also, whether the court of appeals allows petitioner to pay the fee in installments or agrees with this court that he owes it immediately, petitioner's obligation to pay the $455 fee for filing his appeal will be entered into this court's financial records so that it may be collected as required by the Prison Litigation Reform Act.

## ORDER

IT IS ORDERED that petitioner's request for leave to proceed in forma pauperis on appeal is DENIED because three strikes have been recorded against petitioner under 28 U.S.C. § 1915(g). The clerk of court is directed to make sure that petitioner's obligation to pay the $455 is reflected in this court's financial records.

Entered this 6th day of November, 2008.

BY THE COURT:

_/s/_____
BARBARA B. CRABB
District Judge

3